# C. AULTMAN & Co.

## v.

## CHARLES JOHNSON.

*Sales—Harvester—Warranty—Machine To Be Returned If Not Satis-
factory—Breach—Failure to Return.*

Plaintiffs, through their agent, sold to the defendant a harvester, and
warranted it in writing to do satisfactory work. In case it did not do
satisfactory work, the vendee was to return it to the place where it was
received. On trial the machine proved unsatisfactory, but the vendee
failed to return it as agreed. In an action for the purchase price, this
court holds that as appellee had failed to return the machine, and no
waiver of that condition was shown, the breach of warranty did not con-
stitute a complete defense to the action, but could only be set up in
mitigation of damages.

[Opinion filed December 12, 1892.]

APPEAL from the Circuit Court of Knox County; the Hon.
JOHN J. GLENN, Judge, presiding.

On the 1st of June, 1888, the appellee ordered from ap-
pellants, through their agent, E. T. Kenney, of Galesburg, a
harvester, for which he was to pay $150, as follows : $100
in an interest-bearing note, with security, and $50 in an old
machine.

The order was subject to a warranty appearing on the
back of it in the following language :

" The machine herewith ordered is warranted, with proper
usage and management, to work as well as any first-class
machine, made for the same purpose. If, in one day's trial,
it does not perform as above, the purchaser agrees to notify
C. Aultman & Co., and the agent within named, and allow
them time to get to the machine and remedy the defect, if
there be any (if it be of such a nature that a remedy can not
be suggested by letter), the purchaser rendering necessary
and friendly assistance. If the machine can not be made

to fill the warranty, it shall be returned by the purchaser to the place where received. More than one day's use of said machine shall be considered an acceptance of it; and this warranty shall not be binding, if the machine shall be delivered before settlement shall have been made for it as stipulated."

C. Aultman & Co. were the manufacturers of the Buckeye Harvester, and E. T. Kenney was their general agent, at Galesburg, Ill. The machine was shipped to Charles Johnson, at Williamsfield, and was by him received from the depot, then taken home, and was set up by one Hodgman, who was working for Kenney; Johnson assisted. In about a week afterward, Johnson started to cut his field of twenty-five acres of rye; he cut twice around the field, but took all the afternoon to do so, as the machine kept choking. The next day they tried the machine all the forenoon, and it then worked no better, but just about the same as the day before. That afternoon Johnson went to Galesburg, and complained to Kenney that the machine would not work, and on the next day Kenney sent one Callender, an expert, to fix and put the machine in running order. Callender made some changes, and tried it without satisfactory results. It choked up continually, and an hour was consumed in cutting one round. Johnson then told Callender that he was satisfied it would not work, and that he would have nothing more to do with it. Johnson on the same day bought another machine.

A few days afterward the following letter was received by Johnson from Kenney:

"GALESBURG, ILL., July 14, 1888.

CHARLES JOHNSON, Truro, Ill.

"*Dear Sir:* Mr. Callender is in and reports that you refuse to settle for the Buckeye binder, or to hitch on and give it a trial with the Woods; consequently, I hereby notify you that the machine is yours, and that I shall proceed to collect for it by law, unless settled for at once.

Yours, etc.,

E. T. KENNEY."

Johnson did not execute his note or deliver the old binder, as provided in the order, but has always treated the matter as being no binding contract of purchase on him. The machine has remained in the field, where left by him and Callender on the last day it was tried.

This suit was instituted to recover the price of the machine, and resulted in a verdict for appellee and a judgment against appellants for costs.

Messrs. J. A. McKENZIE, for appellants.

Messrs. WILLIAMS, LAWRENCE & BANCROFT, for appellee.

MR. JUSTICE HARKER. The order for the harvester, for the price of which this suit was brought, was obtained from appellee by one Stater, a soliciting agent, working under the general agent of appellants at Galesburg. Appellee defended upon the ground that the harvester did not fill the warranty given, and that he was under no obligation to keep it. In addition to the contention that appellee refused to give the machine a fair trial on the day the expert undertook to fix and operate it, counsel for appellants contend that appellee's defense should not prevail, because,

1. The machine was delivered and used before settlement.

2. More than one day's use of the machine was had by appellee, which amounted to an acceptance under the warranty.

3. Appellee did not return the machine to Williamsfield, the place where received, as he agreed to do if it did not fill the warranty.

We are satisfied from the evidence that the machine did not fill the warranty, and that it was given a fair trial. Appellants, by the contract of their agent, waived the condition that the warranty should not be binding if the machine was delivered before settlement.

We do not think there was more than one day's use of the machine by appellee. The evidence shows he tried it during the afternoon of one day and the forenoon of the

next. Applying the familiar rule, "The law knows no part of a day," counsel for appellants insist the machine was used two days. This rule is a good one in the court house, but will hardly work in farming. In the meaning of the contract before us, the half of one day and the half of the next amount to but one whole day.

Appellee engaged to return the machine to Williamsfield if it could not be made to fill the warranty. It is quite clear he was in no position to insist upon the warranty, unless he had either so returned it or been excused from so doing. Such excuse, he contends, was furnished in the letter of the general agent, Kenney, of July 14, 1888. . We think not. To illustrate: A, living in a country town, orders goods from a firm in Chicago, agreeing to return the goods at his own expense if not of the kind and quality ordered. On receiving the goods he finds they are not of the quality ordered, notifies the Chicago firm and refuses to accept them. The firm replies by letter that the goods are of the quality ordered; that they are his goods, and that unless settled for at once they shall proceed to collect by law. Is A thereby relieved from a performance of his agreement to return the goods at his expense if not of the quality ordered? Can he retain the goods, or turn them out to waste and entirely defeat a recovery by showing that they were not of the quality ordered? The illustration is a parallel to the case at bar. There can be no application to this case of the rule of law that where the party to whom the payment of money or the delivery of property was to be made, notifies the party whose duty it was to pay or deliver that the same will not be received, such refusal is a waiver of tender and performance. Appellee had not been notified that the machine would not be received at Williamsfield. The letter of Kenney can not be given such an interpretation. It merely notified him that Kenney considered him as having accepted the machine, and that unless settled for at once he would proceed against him. To this letter appellee did not deign to reply, but allowed the machine to remain where it was in his field. To make his defense complete

against the plaintiffs' claim he should have returned the machine to Williamsfield. Retaining the machine in his possession, as he did, when sued for the price of it, he could only show, by way of defense, breach of warranty in mitigation of damages. In this view of the case it is unnecessary to consider the other errors assigned.

The judgment will be reversed and the cause remanded.

*Reversed and remanded.*