## C. W. Dooley & Company v. Hasenwinkle Grain Company.

1. WARRANTY—*extent of defendant's right upon suit for purchase price.* Where the defendant is sued for the purchase price of merchandise, he can only set up a breach of warranty in mitigation of damages.

2. WARRANTY—*measure of damages for breach of.* Where a breach of warranty is interposed as a defense, the measure of the defendant's right to mitigate damages is the difference between the value of the machine at the time of the breach and what it would have been worth had the warranty been true.

Action commenced before justice of the peace. Appeal from the Circuit Court of McLean County; the Hon. COLOSTIN D. MYERS, Judge, presiding. Heard in this court at the November term, 1904. . Reversed and remanded. Opinion filed April 20, 1905.

JAMES L. LOAR, for appellants.

D. D. DONAHUE, LOUIS FITZHENRY and H. M. MURRAY, for appellee.

MR. PRESIDING JUSTICE BAUME delivered the opinion of the court.

This is a suit originally commenced before a justice of the peace by appellants against appellee to recover the price of a car loader, sold upon an order therefor, as follows:

"JULY 24, 1901.
C. W. DOOLEY & Co.

Please send me one Ideal Car Loader, to be shipped to Heyworth, Ill., as soon as possible, in consideration whereof we agree to settle for the same in the following manner : Within thirty days after receipt and adjustment of the car loader, as above specified, we agree to remit to C. W. Dooley & Co., Bloomington, Ill., or their authorized agent, the sum of $90.00, less freight. It is understood and agreed that this car loader is purchased subject to all the terms and conditions of the C. W. Dooley & Co.'s warranty and agreement as printed upon the back of this order, a copy of which we have received and accepted.

(Signed)    HASENWINKLE GRAIN Co."

The order was subject to the following warranty :

" The Ideal Car Loader for which this order.is given is

hereby purchased and sold subject to the following warranty and agreement which no one has authority to add to, abridge or change in any manner. That it is well made, of good material, and will do first class work provided instructions as sent out with the loader are followed. It will load grain into a car at the rate of from 1,800 to 2,000 bushels per hour. The purchaser shall have thirty days from receipt and adjustment of the loader to give it a fair trial and if it should not work well, written notice stating wherein it fails, to be immediately given by the purchaser to C. W. Dooley & Co., at Bloomington, Ill., and reasonable time allowed them to write special instructions regarding the difficulty or to send a person to remedy the defect, if any, (the purchaser rendering friendly assistance) when if it cannot be made to do the work as specified above, it shall be returned to the place where received, and a new machine will be given free of charge, or the purchase price shall be refunded, provided same has been paid, at the option of the vendor. Continued possession of the loader after thirty days' trial shall be conclusive evidence that the warranty is fulfilled."

There was a verdict in the court below for appellee and judgment thereon against appellants for costs.

It is urged for reversal of the judgment, first, that the verdict is against the weight of the evidence upon the issue as to whether the car loader complied with the warranty; second, that appellee, having failed to return the car loader, as required by the contract, cannot set up a breach of the warranty, as a defense in this action to recover its price; and third, that the court gave erroneous instructions to the jury.

The evidence is close and conflicting upon the issue as to whether the car loader fulfilled the terms of the warranty, and was that the only question presented for our determination we should not be disposed to interfere with a verdict and judgment predicated upon a finding against appellants on that issue.

By the term of the contract, if the car loader could not be made to work as specified in the warranty, appellee was bound to return it to appellants at Bloomington, and this it should have done unless it was excused from so doing.

Appellee may not, under its contract, be permitted to retain the article purchased and avoid payment therefor in whole, upon the ground that it did not comply with the warranty. We are not concerned, as suggested by counsel for appellee, with the reason or equity of requiring appellee to return the car loader to appellants, but with the obligation appellee voluntarily assumed by the terms of the contract, so to return it. The record does not disclose any sufficient excuse for appellee's failure to return the car loader, and it can only be permitted to show a breach of the warranty in mitigation of damages. Aultman & Co. v. Johnson, 45 Ill. App. 313; Hoover & Gamble v. Doetsch, 54 Ill. App. 65.

The third instruction given at the request of appellee was erroneous in interpreting the provision of the warranty, "that it is well made," to mean that the car loader would do the work for which it was intended. The words quoted relate, we think, to the quality of the workmanship in the construction of the car loader and not to its efficiency in operation. The instruction was also erroneous because it denied appellants any measure of recovery, if there was a breach of the warranty. Appellee having failed to return the car loader, the measure of damages for a breach of the warranty, was the difference between the value of the machine at the time of the breach, and what it would have been worth had the warranty been true. The fifth instruction given at the request of appellee is also subject to the objection last mentioned. The sixth instruction infringed upon the province of the jury.

By the seventh instruction, the court informed the jury, "that the provision of the warranty, 'It will load into a car at the rate of from 1,800 to 2,000 bushels per hour,' was an agreement made by C. W. Dooley & Co. that the car loader would load at least 1,800 bushels of grain into a car per hour when operated for a period of thirty days after the car loader was adjusted in the elevator." In view of evidence, tending to show that there were necessary interruptions in the operation of loading a car and that the

machine was not ordinarily operated continuously for one hour, we think the instruction was misleading. The warranty was, that the car loader would load into a car *at the rate of* 1,800 to 2,000 bushels per hour, not that it would load at least 1,800 bushels every hour it was operated.

For the error indicated, the judgment must be reversed and the cause remanded.

*Reversed and remanded.*