# Hasenwinkle Grain Company v. C. W. Dooley & Company.

1. WARRANTY—*what does not constitute breach of.* An article of merchandise sold upon a stipulation that it shall be returned within a specified time if it does not fulfill the terms of a warranty accompanying the sale, must be returned within the time so fixed, or a sufficient excuse for a failure so to return must be shown, before any breach of warranty can be successfully interposed to an action for the purchase price.

Action commenced before justice of the peace. Appeal from the Circuit Court of McLean county; the Hon. THOMAS M. HARRIS, Judge, presiding. Heard in this court at the May term, 1906. Affirmed. Opinion filed November 27, 1906.

D. D. DONAHUE and LOUIS FITZ HENRY, for appellant.

JAMES L. LOAR, for appellees.

MR. PRESIDING JUSTICE RAMSAY delivered the opinion of the court.

This case was before this court upon an appeal at the November term, 1904, when all the questions of law involved were determined and announced in an opinion reported in 120 Ill. App. 43. The judgment of the Circuit Court was then reversed and the cause remanded to said Circuit Court for a new trial. Since that time the cause has been again tried, upon which trial C. W. Dooley & Company recovered judgment against the Hasenwinkle Grain Company in the sum of $87.43 from which judgment said grain company has appealed.

Appellees' recovery in the Circuit Court was for one "Ideal Car Loader" sold and shipped by them to appellant at Heyworth, Illinois, the order for which and the warranty given therewith are fully set forth in our opinion hereinbefore referred to. We then held and so announced that "if the car loader could not be made to work, as specified in the warranty, said

grain company was bound to return it to said Dooley & Company at Bloomington, Illinois, unless it was excused in some way from so doing.''

The evidence shows that there was no effort made by appellant to return the loader to appellees at Bloomington; while the contract expressly provided that appellant should have thirty days after the receipt and adjustment of the loader to give it a fair trial, to determine whether it would fulfill the warranty, and if appellant retained possession of the loader after the expiration of such thirty days, such keeping of possession was to be conclusive evidence that the warranty had been fulfilled.

Appellant seeks to excuse itself from returing said loader to appellees at Bloomington upon the ground that the loader was not shipped to it from Bloomington but from another point, and consequently the loader could not be returned to appellees at Bloomington. It could make no difference to appellant whether the loader was shipped from appellees' warehouse in Bloomington, or its factory at Allentown. Appellant accepted the loader upon the trial from appellees and agreed if the loader did not suit it, to return it to Dooley & Company, and in its written order it specifically recognized appellees' place of business as being at Bloomington. Twice in appellant's order and once in the statement of warranty, appellees are described as having their place of business at Bloomington, Illinois. It is therefore difficult to see how under the contract a return of the loader could have been properly made to appellees at any place other than Bloomington.

Appellant's counsel seem to think, also, that it was excused from returning said loader because Dooley & Company were succeeded in business by the Dooley, Ayers, Raisbeck Company and that said Dooley & Company were unable to carry out their part of the contract or to demand fulfillment thereof upon the part of appellant. There is no evidence, however, showing

the transfer or sale of the claim or account in dispute by Dooley & Company to the Dooley, Ayers, Raisbeck Company, or that any effort was made to release the firm of Dooley & Company from its obligation upon its contract, or to have some one else receive the loader in case it should be returned. So far as the evidence shows the firm of Dooley & Company was in existence after the transfer, to the extent at least of closing up their unfinished business, and while its successor might have had power to receive money for and on account of the firm of Dooley & Company, it did not claim or own the account, and nothing it could do would release the members of the firm from liability upon their firm contracts. A return of the loader could have been made or tendered to the firm of Dooley & Company, as well after as before the transfer to the Dooley, Ayers, Raisbeck Company.

Appellant kept the loader for a long time after the expiration of the thirty days named in the warranty; it did not return it, as held necessary in our former opinion, and there is no sufficient excuse established by the evidence why the loader was not returned. No verdict, other than the one returned, could be allowed to stand upon the evidence, and it is therefore unnecessary to discuss the other errors assigned.

The judgment was right and is affirmed.

*Affirmed.*